Dr. Luis E. González Saldaña, peticionario, *v.* Tribunal Superior de Puerto Rico, Sala de San Juan, Hon. Manuel A. Moreda, Juez, demandado.

*Número:* C-66-80 *Resuelto:* 28 de mayo de 1968

*Ángel Viera Martínez,* abogado del peticionario; *Francisco Ponsa Feliú, Wilson F. Colberg* y *Miguel A. Valdejully,* abogados de la Universidad de Puerto Rico, interventora.

Sala Segunda integrada por el Juez Asociado Señor Hernández Matos como Presidente de Sala y los Jueces Asociados Señores Santana Becerra, Dávila y Torres Rigual.

El Juez Asociado Señor Santana Becerra emitió la opinión del Tribunal.

Este recurso tiene como fondo nuestra decisión y Mandato en *González Saldaña* v. *Tribunal Superior,* 92 D.P.R. 477 (1965).

Recibido el Mandato en la Sala sentenciadora el 16 de junio de 1965, el 4 de agosto siguiente se ordenó conforme

al mismo que el Rector de la Universidad de Puerto Rico repusiera al peticionario Dr. Luis E. González Saldaña en su cargo de Catedrático Auxiliar adscrito al Instituto de Medicina Legal o en su defecto compareciera el 17 de agosto de 1965 a mostrar causas por las cuales no debía estar obligado a hacerlo.

El Rector contestó y el 6 de octubre de 1965 la Sala sentenciadora dictó sentencia en la cual concluyó, como cuestión de hecho, que el Dr. Luis E. González Saldaña es Catedrático Auxiliar con rango de permanente desde el 1ro. de julio de 1960. Que para la fecha que adquirió su permanencia prestaba servicios en el Instituto de Medicina Legal, *siendo sus funciones la de supervisión del trabajo de medicina legal y patología forense*, para el cual se especializó en la Universidad de Harvard por un período de un año y en la Universidad de Maryland por un período adicional de un año, ostentando además certificado del American Board of Pathology en Patología Anatómica y Patología Forense. Concluyó además la Sala que el Dr. González fue trasladado por el Dr. Marcial Rojas, Director del Instituto Médicolegal, a la Sección de Neuropatología y el servicio de Patología del Hospital de Siquiatría, bajo la supervisión de la Dra. Rosa E. Fiol.

Después de expresar ciertas consideraciones legales sobre la manera de interpretar el derecho de permanencia, de forma que se mantenga la debida elasticidad en la gestión administrativa, y de manifestar la creencia que el derecho de permanencia no se extiende a hacer inamovible al personal docente de la institución, pudiendo ser trasladado de una cátedra a otra, concluyó así la Sala en lo que respecta a este caso en particular:

"La situación en cuanto al Instituto de Medicina Legal en Puerto Rico presenta características especiales. El Instituto fue creado por ley para desempeñar ciertas funciones especiales y aunque adscrito al Departamento de Patología de la Escuela de

Medicina, tiene vida propia y personalidad independiente. Su función principal no es docente. Fue creado con el fin principal de facilitar a las agencias de investigación del estado los servicios de un médico forense para que éste ayude a investigar científicamente los casos en que está envuelta la muerte de alguna persona.

Económicamente es autónomo. Los fondos para cubrir los gastos de su funcionamiento se asignan en el Presupuesto General de Gastos del Gobierno Estatal. El personal técnico y administrativo necesario para desempeñar las funciones que le han sido encomendadas por ley es nombrado por el Rector directamente para el Instituto, y estos nombramientos son hechos bajo las normas y procedimientos vigentes en la Universidad. De manera que no se trata de personal nombrado para la Escuela de Medicina, pagado con fondos de la Universidad de Puerto Rico al que se le asignan funciones en el Instituto.

El demandante recibió un nombramiento para el Instituto de Medicina Legal y adquirió permanencia en el mismo y no en la Escuela de Medicina en General. El Director del Instituto puede asignarle, dentro del Instituto, aquellas funciones y deberes que estime pertinentes, siempre y cuando las mismas correspondan a la *jerarquía y posición* para la cual el peticionario ha adquirido permanencia.

Por las razones antes expuestas se ordena al Rector de la Universidad de Puerto Rico que reponga en su cargo al demandante Dr. Luis E. González Saldaña en el Instituto de Medicina Legal y que allí se le asignen funciones *compatibles con la jerarquía* en la cual adquirió permanencia."

La anterior sentencia fue notificada a las partes el 8 de octubre de 1965. No se solicitó revisión de la misma, por lo que fue final y firme.

Cinco meses y medio después, en 23 de marzo de 1966, el peticionario radicó ante la Sala sentenciadora moción para mostrar causa, de hecho, una moción sobre ejecución de la sentencia dictada.

Alegó que en 7 de diciembre de 1965 el Dr. Raúl Marcial, Jefe del Departamento de Patología de la Escuela de Medicina, le comunicó que se incorporara a sus labores en el Ins-

tituto de Medicina Legal como *Patólogo Forense Auxiliar*, (énfasis del Dr. Marcial) responsable de su labor al Jefe de la Sección de Patología Forense, Dr. Juan Velázquez Vera. Se admitió en evidencia la referida comunicación, la cual reza en los términos dichos.

Según otra prueba documental en el récord, en 17 de enero de 1966 el peticionario se reintegró a sus funciones en el Instituto de Medicina Legal bajo protesta por escrito de que no se le había restituido al cargo que le correspondía. Hizo constar que aunque desempeñaría las labores que se le asignaran con toda disciplina, no renunciaba por ello a su derecho al cargo litigado de Catedrático Auxiliar adscrito al Instituto de Medicina Legal en funciones de Supervisor. Esta comunicación fue contestada por el Decano de la Escuela de Medicina, Dr. Adán Nigaglioni, en comunicación de 2 de febrero de 1966 declarando la existencia de discrepancias de criterios entre ellos en cuanto al alcance de la sentencia dictada por el Tribunal Superior de San Juan, encomiando a la vez la actitud de disciplina asumida por el peticionario. No se expresó el Decano en cuanto al planteamiento hecho por el peticionario. En su moción para mostrar causa alegó también el peticionario que durante el tiempo en que había sido ilegalmente privado de su cargo otros Catedráticos habían sido ascendidos a la categoría de él y a categorías superiores con aumentos de sueldo y otros privilegios. Solicitó de la Sala sentenciadora que ordenara su instalación en el cargo que le correspondía con el sueldo que el mismo ostentaba, o de lo contrario el Tribunal dictara orden para mostrar causas por las cuales no se daba cumplimiento a su sentencia.

Se celebró una vista sobre la anterior moción y en 15 de junio de 1966 la Sala sentenciadora la declaró sin lugar. Para revisar ese fallo expedimos *certiorari*.

Resolviendo el incidente expresó la Sala que la moción del demandante traía ante la consideración del Tribunal la

sentencia dictada en 6 de octubre de 1965 *"y requiere que dicha sentencia sea interpretada en su verdadero alcance y efecto por el Tribunal."* (Énfasis nuestro.)

 Como cuestión de realidad, lo hecho por la Sala sentenciadora por vía de "interpretación" de su sentencia fue emitir pronunciamientos que envolvían los méritos de la controversia ya adjudicados por sentencia final y firme. El récord demuestra que en este incidente la Sala sentenciadora parecía sostener criterios que hasta cierto punto alteraban el fallo dado.

 En este recurso no está abierta a revisión la sentencia final y firme que resolvió el litigio y que constituye cosa juzgada y la ley del caso para las partes. Puede decirse de paso que dicha sentencia no resulta ser intrínsecamente errónea a la luz de la ley aplicable y del Mandato de este Tribunal en la primera etapa de este litigio. Es correcto, según concluyó la Sala, que el caso del peticionario presenta características especiales en lo que respecta a otras normas de general aplicación a los catedráticos, por tratarse del Instituto de Medicina Legal y la ley especial bajo la cual este Instituto funciona y fue creado. La sentencia de 6 de octubre de 1965 ordenó al Rector que repusiera en su cargo al peticionario Dr. Luis E. González Saldaña en el Instituto de Medicina Legal "y que allí se le asignaran funciones compatibles con *la jerarquía en la cual adquirió permanencia."* Ese pronunciamiento es obligatorio para las partes y constituye, repetimos, la ley del caso. Obviamente la prueba demuestra que el Rector de la Universidad y el Decano de la Escuela de Medicina no dieron cumplimiento a lo dispuesto en la sentencia. El propio Decano admite que asumió la posición de *interpretarla.* En la contestación a la demanda se aceptó el hecho alegado que el peticionario era Catedrático Auxiliar ejerciendo funciones de supervisión en el Instituto de Medicina Legal al ser separado. La Sala sentenciadora así lo declaró como un hecho probado. El récord obliga a anular

la resolución de la Sala de 15 de junio de 1966 que declaró sin lugar la moción para el cumplimiento de la sentencia y negó todo remedio al peticionario.

Desde el año 1963 esta controversia se está debatiendo, primero en la esfera administrativa, luego en la judicial, de nuevo en la administrativa. Durante este tiempo se ha tenido al peticionario fuera de sus funciones, sin que tampoco hasta la fecha se le hayan formulado cargos para destituirlo, como manda la Ley de la Universidad, aplicable. Véase *González Saldaña* v. *Tribunal Superior*, supra.

En bien de la justicia y en el interés público es propio que el debate repose de una vez. Ha de esperarse que las autoridades de la Universidad y las de la Escuela de Medicina lo comprenderán así cuando reciban la orden pertinente de la Sala sentenciadora, dictada conforme a su propia sentencia y al Mandato que aquí se le transmite.

*Por las razones expuestas, se anulará la resolución de la Sala sentenciadora de 15 de junio de 1966 que negó todo remedio al peticionario, y se le devolverán los autos para que dicte otra haciendo cumplir su propia sentencia en los términos en que la pronunciara, con aquellas otras disposiciones que estimare procedentes no incompatibles con lo aquí dispuesto.*