*In re* PRIMITIVO PAGÁN COLÓN, querellado.

*Número:* O-70-160          *Resuelto:* 12 de noviembre de 1971

Gilberto Gierbolini, Procurador General, J. F. Rodríguez Rivera, Subprocurador General, y Jorge Ríos Torres, Procurador General Auxiliar, abogados de El Pueblo; Noél Colón Martínez, Elfren Bernier, William Fred Santiago y Rodolfo Cruz Contreras, abogados del recurrido.

RESOLUCIÓN

San Juan, Puerto Rico, a 12 de noviembre de 1971

Contra el abogado Primitivo Pagán Colón, admitido al ejercicio de la abogacía el 31 de marzo de 1965, se formuló querella de desaforo imputándole el siguiente cargo:

"El referido Primitivo Pagán Colón en o alrededor de marzo de 1969, en Dorado, Puerto Rico, en el sitio conocido por Barrio Higuillar, siendo el abogado defensor de José Díaz Cruz en là causa seguida por el Pueblo por el delito de comprar propiedad hurtada (Art. 438 del Código Penal), en forma ilegal, volun-

taria y maliciosamente reunió a los menores Santiago Romero, Jesús Ortiz Rivera y Juan Luis Matos Rivera, testigos de cargo en dicho caso, y los instó y aconsejó para que repudiaran y cambiaran las declaraciones que habían prestado durante la investigación incriminando a dicho acusado Díaz Cruz."

Después de contestada la querella negándose el cargo, el Tribunal nombró al Hon. Antonio S. Negrón García, Comisionado Especial ante quien desfiló la prueba de ambas partes.

Dicho Comisionado formuló entre otras, las siguientes conclusiones de hecho:

"2. En 9 de febrero de 1967 el entonces Fiscal Lcdo. Ramón R. Cabrera presentó acusación jurada contra el ciudadano nombrado Sr. José Díaz Cruz por alegada infracción al artículo 438 del Código Penal vigente. Dicha acción fue radicada ante el Tribunal Superior de Bayamón, Asuntos de lo Criminal con el número G-67-63 previa determinación de causa probable por un magistrado en vista preliminar.(³)

En lo pertinente, la misma leía:

'El fiscal formula acusación contra José Díaz Cruz residente en Bo. Higuillar sitio San Antonio, Dorado, P.R., por el delito de Inf. al Art. 438 del C.P. (Felony), cometido de la manera siguiente: El referido acusado JOSÉ DÍAZ CRUZ, allá en o por el día 18 de diciembre de 1966, y en Dorado, P.R., que forma parte del Tribunal Superior de P.R., Sala de Bayamón, P.R., ilegal, voluntaria, maliciosa y criminalmente y con el fin de lucrarse e impedir que su legítimo dueño volviera a poseer su propiedad y a sabiendas de que tal propiedad había sido hurtada, compró a los menores Jesús Díaz Rivera, Ángel Burgos Díaz, Santiago Romero Hernández y Juan Luis Matos Rivera, alambre valorado en $301.53 por la suma de $17.00, siendo el valor real de dicha propiedad mayor a lo pagado por el acusado y perteneciente dicha propiedad a la P.R. Telephone Company.'

Al dorso de la acusación se hicieron constar como testigos de cargo a Jesús Díaz Rivera, Ángel Burgos Díaz, Santiago Romero Hernández, Juan Luis Matos Rivera—todos menores de edad y residentes en el Barrio Higuillar, sitio San Antonio, Dorado, Puerto Rico—y a Rafael Cuevas Olivella y Sotero Lima; el pri-

mero funcionario de la P.R. Telephone Co. y el segundo miembro de la Detective de Bayamón.

3. En *20 de febrero de 1967* dicho caso fue llamado para el Acto de Lectura de Acusación compareciendo el Ministerio Público representado por el Fiscal José A. Vargas y el acusado Díaz —quien no asistió—por mediación del querellado Lcdo. Primitivo Pagán Colón. Por incomparecencia de dicho acusado, fue transferido la lectura de acusación para el 28 de febrero de 1967. En esta fecha y vista aparece representado por el Lcdo. Fermín Arraiza, se dió por leída la acusación, se hizo alegación de no culpable y se señaló la vista en su fondo para el *21 de marzo de 1967.*

4. En un día correspondiente a un fin de semana no determinado del mes de marzo de 1967—con anterioridad a la fecha antes mencionada fijada para el juicio—el querellado Lcdo. Primitivo Pagán Colón y su hermano el Lcdo. José J. Pagán se personaron en horas de la tarde a la tienda y residencia del acusado Díaz sita en el Barrio Higuillar, sitio San Antonio, Dorado, Puerto Rico, a relacionarse con los pormenores del caso en el cual el primero representaba al Sr. Díaz. Estando en dicho lugar, localizaron a los menores Jesús Ríos Rivera, conocido por 'Chuíto', Santiago Romero Hernández apodado 'Chavita', y a Juan Luis Matos Rivera, y acordaron trasladarse al lugar de donde dichos menores habían obtenido los alambres que habían vendido a su representado Díaz. Para dicha gestión se transportaron en el automóvil perteneciente y conducido por el querellado P. Pagán Colón hasta donde la carretera lo permitía y de ahí en adelante recorrieron y caminaron la zona a pie; que es eminentemente rural con vegetación. En el área en cuestión, los jóvenes indicados contestaron varias preguntas y mostraron los postes de la línea telefónica de donde habían cortado los alambres. También informaron y señalaron puntos específicos en que en otras ocasiones y fechas distintas habían obtenido alambres de cobre que estaban colgando y caídos en aparente estado de abandono. En momento determinado durante el transcurso de tales conversaciones, el querellado Lcdo. Primitivo Pagán Colón les sugirió que dijesen y declarasen en el juicio fijado, que los alambres no los habían cortado de los postes, sino que los habían encontrado colgando y en el piso (superficie del terreno). Los menores se reafirmaron en sus posiciones originales, y el Lcdo. P. Pagán no insistió sobre el particular en dicho momento o en

etapa ulterior. Al hacer tal sugerencia, dicho letrado no realizó amenaza u ofrecimiento de clase alguna, no volviéndose a mencionar o hablar nuevamente respecto el asunto.

5. Los alambres en cuestión que dieron margen a la acusación criminal antes indicada, eran unos pertenecientes a una línea propiedad de la Puerto Rico Telephone Co. ubicados sobre la vía de ferrocarril—que en una época tenía treinta (30) alambres de cobre representativos de quince (15) circuitos—y conectaban las zonas y pueblos comprendidos entre Bayamón y Vega Baja. En el transcurso de los últimos años, por razón de estar localizada dicha línea en un área rural, poco asequible y poblada—expuestas a fácil vandalismo y difícil mantenimiento—fueron dejadas en desuso y sustituidas por el sistema de micro-ondas. Para fines del año 1966 y principios de 1967 sólo quedaban en uso y servicio cuatro (4) cables correspondientes a dos (2) circuitos sirviendo a Vega Baja. Los cables remanentes habían sido abandonados, desaparecidos por robos y falta de mantenimiento ya que la Puerto Rico Telephone Co., por razones de economías, no los removía al sustituirlos por el sistema de micro-ondas.

6. Suscrita en 15 de marzo de 1967 y radicada el 17, el querellado Primitivo Pagán Colón sometió una Moción al Tribunal solicitando la desestimación de la acusación por los fundamentos de cosa juzgada y/o doble exposición. Para sustanciar tal petición alegó como hechos que en 15 de marzo de 1967, en el Tribunal de Distrito, Sala de Dorado, (⁴) el acusado Díaz había sido juzgado y absuelto por una denuncia por comprar artículos hurtados (menos grave) en la cual los testigos hicieron constar que sólo existió una transacción por la cantidad de 3,600 pies· en pedazos de alambre. Señalada la cuestión para el 25 de abril de 1967, ante su incomparecencia fue declarada sin lugar.

7. En 20 de julio de 1967 el juicio fue celebrado ante jurado, estando asistido el acusado por el querellado Lcdo. P. Pagán Colón. En dicha vista declararon como testigos de cargo, entre otros, los menores Jesús Díaz Rivera, Santiago Romero Hernández y Juan Luis Matos Rivera y medió un veredicto condenatorio. En 28 de Julio de 1967 le fue pronunciada Sentencia al señor Díaz por un (1) año de cárcel que le fuera suspendida. Dicho dictamen se convirtió en final y firme al no establecerse apelación contra el mismo." (Informe Comisionado, págs. 2 a 6.)

Las conclusiones del Hon. Comisionado al efecto de que "Primitivo Pagán Colón les sugirió [a los menores] que dijesen y declarasen en el juicio fijado, que los alambres no los habían cortado de los postes sino que los habían encontrado colgando y en el piso (superficie de terreno)." y que "Los menores se reafirmaron en sus posiciones originales, y el Lcdo. P. Pagán no insistió sobre el particular en dicho momento o en etapa ulterior." y que "Al hacer tal sugerencia, no realizó amenaza u ofrecimiento de clase alguna, no volviéndose a mencionar o hablar nuevamente respecto al asunto.", están sostenidas por los testimonios de los propios menores. Del récord surge además, que algunos de los menores le dijeron en aquel momento al Lcdo. Pagán que los alambres los habían encontrado en el suelo y en la laguna.

▪ La sugestión o sugerencia hecha por el Lcdo. Pagán a los menores no tuvo consecuencia alguna. Sin embargo tenemos que juzgar la conducta del abogado independientemente de sus consecuencias en este caso.

▪ Constituye conducta reprobable el que un abogado, mientras examina los testigos de cargo fuera del tribunal, les insinúe que alteren sus testimonios en cualquier detalle que a juicio del abogado pueda favorecer al acusado representado por él. La instigación a perjurio por parte de un abogado es una de las más serias violaciones de los cánones de ética profesional. El querellado se expuso en este caso a ser separado del ejercicio de su profesión. Sin embargo, considerando todas las circunstancias que el récord revela, el Tribunal resuelve censurar, como por la presente censura, la conducta del querellado en este caso.

Lo acordó el Tribunal y certifica el Secretario Interino. El Juez Presidente, Señor Negrón Fernández, no intervino.

(Fdo.) José L. Carrasquillo
*Secretario Interino*