

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-27-2003

# Timoney v. Upper Merion Twp

Precedential or Non-Precedential: Non-Precedential

Docket 02-2096

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Timoney v. Upper Merion Twp" (2003). *2003 Decisions.* Paper 529.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/529

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No: 02-2096/2228

_____

THOMAS J. TIMONEY, ESQUIRE, As Receiver for the
HANKIN FAMILY PARTNERSHIP;
REALEN VALLEY FORGE GREENES ASSOCIATES,
Appellants (No. 02-2096)

v.

UPPER MERION TOWNSHIP;
THE BOARD OF SUPERVISORS OF UPPER MERION TOWNSHIP;
THE UPPER MERION TOWNSHIP ZONING HEARING BOARD

THOMAS J. TIMONEY, ESQUIRE, As Receiver for the
HANKIN FAMILY PARTNERSHIP;
REALEN VALLEY FORGE GREENES ASSOCIATES

v.

UPPER MERION TOWNSHIP;
THE BOARD OF SUPERVISORS OF UPPER MERION TOWNSHIP;
THE UPPER MERION TOWNSHIP ZONING HEARING BOARD,

Appellants ( No: 02-2228)

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 01-cv-01622)
District Judge: Honorable James T. Giles

_____

Submitted Under Third Circuit LAR 34.1(a)
on March 7, 2003

Before:ROTH, BARRY AND FUENTES, Circuit Judges

(Opinion filed: May 27, 2003)

—————

O P I N I O N

—————

ROTH, Circuit Judge:

This action arises from a dispute over zoning of undeveloped land in Upper Merion Township, Pennsylvania. Appellant landowners, the Hankin Family Partnership and Realen Valley Forge Greenes Associates, seek damages and injunctive relief pursuant to 42 U.S.C. § 1983 from Upper Merion Township, its Board of Supervisors, and its Zoning Hearing Board, for frustrating appellants' repeated attempts to rezone their agricultural property for commercial development.[1] The property has been operated as a golf course since the 1920s, and the Hankin Family Partnership began its requests for rezoning in 1967.

Realen formally challenged the agricultural zoning of the property in 1997. The Zoning Board rejected the challenge in 1999, and a state court appeal followed. The Zoning Board's decision was affirmed by the Court of Common Pleas on December 1, 2000. Realen subsequently appealed to the Commonwealth Court of Pennsylvania.

———————————

[1]Thomas J. Timoney, Esquire, is the appointed receiver for the Hankin Family Partnership.

Hankin then petitioned for the appointment of a Board of View with the Court of Common Pleas, seeking compensation for inverse condemnation.

While these state actions were pending, both appellant landowners filed a complaint in the District Court of the Eastern District of Pennsylvania, alleging equal protection and substantive and procedural due process violations as well as unjust takings claims.[2] On June 8, 2001, appellees moved to dismiss the case under Fed. R. Civil P. 12(b)(6) on grounds including res judicata and collateral estoppel. In the alternative, Appellees requested, under Younger v. Harris, 401 U.S. 37 (1971) and Railroad Comm'n of Texas v. Pullman Co., 312 U.S. 496 (1941), that the District Court abstain from judicial action in the case pending the disposition of related state court actions, so as not to interfere with the state court litigation or decide uncertain issues of state law. On March 22, 2002, the District Court denied the 12(b)(6) motion and sua sponte granted a stay of the case pursuant to the abstention doctrine of Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976), pending the disposition of the state court proceedings.

On April 25, 2002, the landowners timely appealed, requesting review of the District Court's abstention under Colorado River. Appellants allege that the District Court erred in determining that the federal and state court actions are parallel proceedings warranting abstention and that the court abused its discretion in abstaining from judicial

----

[2]On June 4, 2002, the Commonwealth Court affirmed the Court of Common Pleas with regard to Realen's claims. On July 3, 2002, Realen filed a Petition for Allowance of Appeal with the Supreme Court of Pennsylvania.

decision-making because the case did not rise to the level of exceptional circumstances required by Colorado River. On May 3, 2002, the Township timely cross-appealed the District Court's denial of its motion to dismiss. Appellants subsequently filed a motion to dismiss the cross-appeal for lack of appellate jurisdiction, on the ground that review of the ruling on interlocutory issues would be an improper exercise of pendent party jurisdiction.

The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), since this civil action alleges a violation of due process under the Civil Rights Act, 42 U.S.C. § 1983. We have jurisdiction to review the District Court's March 22, 2002 order under both 28 U.S.C. § 1291, as the order is final and appealable, and the collateral order doctrine, which allows appellate review of an order staying a federal action under Colorado River. Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 712-13 (1996) ("[U]nlike other stay orders, which might readily be reconsidered by the district court, abstention-based stay orders of this [Colorado River] ilk are 'conclusive' because they are the practical equivalent of an order dismissing the case.").

In addressing the merits of this case, we must conduct a de novo review of the District Court's finding that the concurrent federal and state court proceedings are "parallel." Ryan v. Johnson, 115 F.3d 193, 196 (3d Cir. 1997). If the proceedings are not parallel, abstention is inappropriate. If the proceedings are parallel, we must determine whether the District Court abused its discretion in concluding that the present case involved "exceptional circumstances" under Colorado River, allowing abstention. Id.

The federal and state proceedings in this case are parallel. Cases are parallel if they involve the same parties and "substantially identical" claims, raising "nearly identical allegations and issues". Trent v. Dial Med. of Fla., Inc., 33 F.3d 217, 223 (3d Cir. 1994) (overruled in part on other grounds). Appellants allege that the District Court erred by finding that the §1983 claims before it and the Land Use Appeal and State Takings Action were "duplicative," rather than "parallel." Appellants' Br. at 15. Regardless of the language used by the District Court, we agree that the same parties and underlying claims about land use and just compensation are involved.

It is not clear, however, whether the present case involved "exceptional circumstances" under Colorado River, warranting abstention. The relevant factors that the District Court must consider with regard to the exceptional circumstance inquiry are:

> (1) which court first assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal or state law controls; and (6) whether the state court will adequately protect the interests of the parties. _____

Spring City Corp. v. American Bldgs. Co., 193 F.3d 165, 171 (3d Cir. 1999). The District Court addressed summarily at best only three of the six factors, and thus improvidently granted Colorado River abstention. Hankin Family Partnership v. Upper Merion Township, No. 01-1622, 2002 U.S. Dist. LEXIS 4987, at *1, 29-31 (E.D. Pa. Mar. 22, 2002) (discussing piecemeal litigation; the order in which jurisdiction was obtained; and confusion over the effect of federal factual determinations on issues unresolved in state court, vaguely implicating the question of whether federal or state law controls).

We will vacate the District Court's March 22, 2002 order staying the action and remand this matter to the District Court for adequate consideration under the elements of <u>Colorado River</u>. Appellees' cross-appeal is dismissed for lack of appellate jurisdiction, as it is not necessary to ensure meaningful review of an appealable order, nor does it otherwise compel exercise of pendent jurisdiction. See <u>E.I. Dupont de Nemours and Co. v. Rhone Poulenc Fiber and Resins Assocs.</u>, 269 F.3d 187, 203 (3d Cir. 2001).

_____

TO THE CLERK:

      Please file the foregoing Opinion.


                        By the Court,


                          /s/  Jane R. Roth
                                Circuit Judge