Jose J. PASTOR–GINORIO, Defendant

v.

R & G MORTGAGE CORPORATION, INC., Defendant.

Civil No. 04–2372(DRD).

United States District Court, D. Puerto Rico.

June 4, 2005.

Jose J. Pastor–Ginorio, Guaynabo, PR, Pro Se.

Sonia B. Alfaro–De–La–Vega, San Juan, PR, for Defendant.

## AMENDED OPINION AND ORDER

DOMINGUEZ, District Judge.

Pending before the Court is plaintiff's May 31, 2005 *Motion Requesting "Order Requesting Urgent Temporary Reliefs"*

*and/or Injunction of Cease and Desist* (Docket No. 13). Plaintiff moves the Court to issue an order "to cease and desist and/or stop" the sale in public auction by the local Marshal to be held on June 3, 2005, in a proceeding before the local state Court resulting from a foreclosure proceeding against the plaintiff. For the reasons stated herein, the Court hereby **DENIES** plaintiff's *Motion Requesting "Order Requesting Urgent Temporary Reliefs" and/or Injunction of Cease and Desist* (Docket No. 13). The Court further **DISMISSES** the civil case **WITH PREJUDICE** based on the Abstention Doctrines applicable to in rem cases. The Court explains.

The facts as stated by the plaintiff in the complaint are as follows: plaintiff is a veteran who purchased some real property for which R & G Mortgage Corporation, Inc. (R & G), provided acquisition financing. Allegedly, the Veterans Administration provided a guarantee under the GI Bill in favor of plaintiff. Plaintiff deems that the agreement with the Veterans Administration puts the agency in a "Cosigner–Co–borrower–Warrantor" relationship with him as a debtor against the creditor. Up and until August 2003, plaintiff was able to provide timely mortgage payments but as a result of "cerebral cardiovascular attacks", plaintiff became "totally disabled". At the end of the year 2003, R & G filed a collection claim and mortgage foreclosure against plaintiff; judgment was entered on behalf of R & G, and consequently the instant sale in public action was ordered. Plaintiff sustains that he raised arguments before the local state court relating to the warrantee provided by the Veterans Administration but the local court failed to provide any remedy.

Plaintiff seeks various remedies but most relevant to the instant controversy is a request that the undersigned order the defendant to pursue total liquidation of the mortgage loan through the Veterans Administration hence ceasing and desisting all proceedings against the instant plaintiff.

**Res Judicata/Claim Preclusion-**

It is well known that Federal courts must provide full faith and credit to a final judgment issued by a Puerto Rico court, and as such, this court lacks subject matter jurisdiction to entertain a controversy previously adjudicated by the Puerto Rico courts. See: *District of Columbia Ct.App. v. Feldman*, 460 U.S. 462, 482–86, 103 S.Ct. 1303, 1315–1317, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923); see also *Henry v. Connolly*, 910 F.2d 1000, 1002 (1st Cir.1990) ("A federal court cannot presume to sit in direct appellate review of final state court determinations in judicial proceedings."); see also *Baez–Cruz v. Municipality of Comerio*, 140 F.3d 24, 28 n. 1 (1st Cir. 1998). Moreover, " 'lower federal courts possess no power to sit in direct review of state court decisions.' [Citations omitted.] If the ... claims presented to a United States District Court are inextricably intertwined with the state court's [judgment] ..., then the District Court is in essence being called upon to review the state-court decision. This, the District Court [of Puerto Rico] cannot do." *U.S. Industries v. Laborde*, 794 F.Supp. 454, 463 (D.P.R. 1992), citing, *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296, 90 S.Ct. 1739, 1748, 26 L.Ed.2d 234 (1970). See also, *Guadarrama v. U.S.Department of Housing and Urban Development*, 74 F.Supp.2d 127, 138 (D.P.R.1999). The above describe legal scenario of the federal courts preclusion from acting as courts of review of state court's decision is known as the *Rooker/Feldman* doctrine.

■ It is equally clear that, under Puerto Rico law, the doctrines of res judicata and collateral estoppel preclude relitigation of claims and/or issues which have been, **or could have been litigated in a prior judicial action** for which judgment has been rendered. (Emphasis ours.) *Baez–Cruz v. Municipality of Comerio*[1], *supra; Sahar Fatach v. Seguros Triple S, Inc.,* 147 P.R.Dec. 882 (1999). See generally, *Parklane Hosiery Co., Inc. v. Shore,* 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 649, 58 L.Ed.2d 552 (1979). It is further well-settled that a proceeding in a state court collaterally estops inconsistent arguments in a later federal action. *Allen v. McCurry,* 449 U.S. 90, 104–05, 101 S.Ct. 411, 419–21, 66 L.Ed.2d 308 (1980).

■ "[O]nce a court has decided an issue of fact or law necessary to its judgment, that decision is conclusive in a subsequent suit based on a different cause of action involving a party to the prior litigation." *United States v. Mendoza,* 464 U.S. 154, 158, 104 S.Ct. 568, 571, 78 L.Ed.2d 379 (1984). Specifically, under the defensive use of the doctrine of collateral estoppel, a defendant can prevent a plaintiff from relitigating a claim that the plaintiff has already lost, even if against another defendant. See *Parklane,* 439 U.S. at 326 n. 4, 99 S.Ct. at 649; and *Mendoza,* 464 U.S. at 159, 104 S.Ct. at 571–572. "A final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were raised or could have been raised in that action." [emphasis added] *Apparel Art Int'l, Inc. v. Amertex Enterprises Ltd.,* 48 F.3d 576, 583 (1st Cir.1995).

■ Furthermore, the First Circuit Court of Appeals has explained that "the doctrine of 'Res judicata generally binds parties from litigating or relitigating any issue that was **or could have been litigated** in a prior adjudication and prevents claim splitting.'" *Futura Dev. Corp. v. Centex Corp.,* 761 F.2d 33, 42 (1st Cir. 1985) (citing *Capo Sanchez v. Secretary of the Treasury,* 92 P.R.R. 817 (1965))(emphasis ours); *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth,* 814 F.2d 844, 846 (1st Cir.1987); see also, *Worldwide Food Distributors, Inc. v. Alberic Colon Bermudez,* 1993 WL 840035, 133 D.P.R. 827, 831 (P.R. 1993). A federal court must give to a state court judgment the same preclusive effect as would be given that judgment **under the law of the state** in which the judgment was rendered. *Migra v. Warren City School District Board of Education,* 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984). (Emphasis ours). Therefore, preclusive effect is given to state judicial proceedings, and it is Black-letter law that applicable collateral estop-

---

1. In *Baez–Cruz,* as here, the Full Faith and Credit statute must be the starting point. "[J]udicial proceedings ... shall have the same full faith and credit in every court within the United States and its Territories ... as they have by law or usage in the courts of such State [or] Territory ... from which they are taken." 28 U.S.C. § 1738. Preclusive effect is given to state judicial proceedings, and it is Black-letter law that applicable collateral estoppel rules are those of the state from which judgment is taken. *Kremer v. Chemical Constr. Corp.,* 456 U.S. 461, 481–82, 102 S.Ct. 1883, 1897–98, 72 L.Ed.2d 262 (1982).

The relevant portion of Puerto Rico's preclusion statute states as follows:

In order that the presumption of *res adjudicata* be valid in another suit, it is necessary that, between the case decided by the sentence and that in which the same is invoked, there be the most perfect identity between the things, causes and persons of the litigants, and their capacity as such. 31 P.R. Laws Ann., § 3343. The *Baez–Cruz* District Court concluded that as the Puerto Rico Supreme Court affirmed the finding by JASAP that the firing was not politically motivated, the Plaintiffs were collaterally estopped from relitigating the issue in Federal Court.

pel rules are those of the state from which judgment is taken. *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 481–82, 102 S.Ct. 1883, 1897–98, 72 L.Ed.2d 262 (1982).

### Puerto Rico Law-

In order to apply the doctrine of res judicata, the Civil Code of Puerto Rico provides that "it is necessary that, between the case decided by the sentence and that in which the same is invoked, there be the most perfect identity between the things, causes, and persons of the litigants, and their capacity as such." 31 P.R. Laws Ann., § 3343. This statute not only refers to *res judicata* matters, as well as estoppel by judgment. *Baez–Cruz, supra; Texaco Puerto Rico, Inc. v. Medina*, 834 F.2d 242, 245–46 (1st Cir.1987).

### "Final and Firm" requirement-

 "Under **Puerto Rico law,** claim preclusion requires a prior judgment on the merits that is, in the authoritative Spanish, "final y firme" (officially translated as "final and unappealable")." *Cruz v. Melecio*, 204 F.3d 14, 20–21 (1st Cir.2000)(emphasis ours); quoting *Worldwide Food Distribs., Inc. v. Colon Bermudez*, 1993 WL 840035, 133 P.R. Dec. at 831. As such, a commonwealth court judgment cannot be accorded preclusive effect until all available appeals have been exhausted (or the time for taking them has expired). *Id., Vega Arriaga v. J.C. Penney, Inc.*, 658 F.Supp. 117, 120–21 (D.P.R.1987).[2]

 "Res judicata is understood to mean that which has been settled by the final judgment of a judge or competent court and bears with it the firmness of its irreversibility." *Worldwide Food*, 1993 WL 840035, 133 P.R. Dec. at 834 (official trans. at 6) (quoting 8–2 Jose Maria Manresa, Comentarios al Codigo Civil Espanol 278 (1967)). When the Puerto Rico Supreme Court uses the term to describe a judgment, the court intends to denote unappealability. *Cruz v. Melecio*, 204 F.3d at 21; quoting, *Ex parte Bolivar*, 12 P.R.R. 261, 264–65 (1907) (explaining that "[t]he meaning of a 'sentencia firme' and a 'sentencia final' are entirely different in legal language, because an appeal does not lie from a 'sentencia firme', while an appeal does lie in the cases provided by the law from a 'sentencia final', and translating "firme" in this context as "final and unappealable").

Pursuant to Puerto Rico law, a judgment becomes "final y firme" when no further appeal can be taken, *In re Pagan Colon*, 1971 WL 30379, 100 D.P.R. 223, 224 (1971). The preclusion principle does not operate in the absence of a final, unappealable judgment, merits federal recognition. Consequently, federal courts can ascribe no greater preclusive force to a state court judgment. See *Johnson v. De Grandy*, 512 U.S. 997, 1005, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994); *Board of Pub. Works v. Columbia College*, 84 U.S. (17 Wall.) 521, 529, 21 L.Ed. 687 (1873). The Court at this time however, cannot determine with the thin record supplied by plaintiff that there exists a final unappealable judgment.

### Abstention-

The Court at this time deems that there is a strong presumption that the instant

---

**2.** "Even though the Puerto Rico Supreme Court has not made this point in so many words, we believe that this is the clear implication of the court's repeated emphasis on the phrase "final y firme" in its discussions of res judicata." *Cruz v. Melecio*, 204 F.3d at 21; *Worldwide Food*, 133 P.R. Dec. at 831; *Rodriguez Rodriguez v. Colberg Comas*, 131 P.R. Dec. 212, 222 (1992); *A & P Gen. Contractors, Inc. v. Asociacion Cana, Inc.*, 10 P.R. Offic. Trans. 987, 988 (1981); *De Jesus Borrero v. Guerra Guerra*, 105 P.R.R. 282, 285, 286 (1976) (per curiam); *Commonwealth v. Sociedad Civil Agricola*, 104 P.R.R. 548, 554 (1975) (per curiam); *Gonzalez Saldana v. Superior Court*, 1968 WL 17235, 96 D.P.R. 123 (1968).

claim is barred by res judicata, basically, because a sale in public auction cannot be executed if finality of the local state court judgment has not been achieved. Furthermore, the record is devoid of any information provided by plaintiff showing said that in effect, the matter entertained by the local state court has achieved the finality required to state effectively that claim preclusion prevents plaintiff to relitigate the same issues raised before the local court. Specifically, the Court notes that plaintiff admitted that the issues brought forth to the undersigned's attention, as the thrust of plaintiff's claims, were argued previously before the state court.

Notwithstanding, on other even more solid grounds, consideration of wise, sound judicial administration warrant dismissal of this federal claim, pending final conclusion of state court proceedings under abstention doctrines. At this time, this Court cannot ascertain the current stage of the proceedings, which could be now on appeal nevertheless, abstention relating to in rem cases mandates dismissal. *Lundborg v. Phoenix Leasing, Inc.*, 91 F.3d 265, 272–273 (1st Cir.1996). The Court explains.

■ The Court is compelled to review, the *Colorado River* and *Moses H. Cone* doctrines. *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976); *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). The doctrine, established in two different Supreme Court cases, begins with the strong presumption that federal courts have an obligation to exercise their jurisdiction once an action has been initiated in federal court. Therefore, federal courts will exercise their jurisdiction unless special limited circumstances dictate in a narrow number of cases a different result. *Colorado River* and *Moses H. Cone* established the special circumstances under which federal courts can refrain from exercising their jurisdiction. A review of the general principles set forth under these two doctrines is appropriate.

■ In *Colorado River*, the Supreme Court established a doctrine governing the stay or dismissal of federal lawsuits for situations in which the three long standing traditional abstention doctrines are inapplicable.[3] *Id.* at 817, 96 S.Ct. 1236. This alternative doctrine focuses not on considerations of state-federal comity or on avoidance of constitutional decisions as in the traditional abstention doctrines, but rather on "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Colorado River*, 424 U.S. at 817, 96 S.Ct. 1236 (*quoting Kerotest Mfg. Co. v. C–O–Two Fire Equipment Co.*, 342 U.S. 180, 183, 72 S.Ct. 219, 96 L.Ed. 200 (1952)). In considering this alternative, the Court must consider the following factors: 1) which court first assumed jurisdiction over any res or property involved in the action; 2) the inconvenience of the federal forum; 3) the desirability of avoiding piecemeal litigation; 4) the order in which jurisdiction was obtained by the concurrent forums; and 5)

---

**3.** The three abstention doctrines discussed by the United States Supreme Court apply under the following circumstances: (i) where a federal court can avoid constitutional determinations by allowing a state court to construe a state law (*Pullman* abstention); (ii) where the case involves difficult questions of state law whose importance transcends the result of the case at bar (*Burford* abstention); and (iii) where federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings (*Younger* abstention). *Colorado River*, 424 U.S. at 814–16, 96 S.Ct. 1236.

whether federal law supplies the rule of decision. *Moses H. Cone*, 460 U.S at 13–26, 103 S.Ct. at 936–940.

The purpose behind the *Colorado River* doctrine is to determine whether exceptional circumstances exist in a case, which favor an exception in the exercise of federal jurisdiction. The Court also counseled in its holding that the decision "whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case. . . ." *Id.* at 16, 103 S.Ct. 927.[4]

The Court must apply a two-part test. The Court must determine whether the actions in the state and federal forums are parallel. The proceedings are considered to be parallel if they involve the same parties and "substantially identical claims", raising "nearly identical allegations and issues". *See Timoney v. Upper Merion Twp.*, 66 Fed.Appx. 403 (3d Cir.2003). Second, the Court must perform a balancing of interest considering a number of factors in order to determine whether there exist "exceptional circumstances" to justify abstention. The first part of the test is met in this case, i.e., proceedings in state and federal court are parallel, they involve the same parties. As to the collection proceedings and foreclosure, nearly

identical allegations and issues are addressed. Finally, as to these claims, Plaintiff is seeking the same redress for the same action. *See Timoney*, 66 Fed.Appx. at 406.

### *Colorado River* and *Moses H. Cone* at Work-

The Court of Appeals for the First Circuit, upon reviewing the *Colorado River* doctrine, has repeatedly noted that the Supreme Court itself "took care to emphasize its narrowness." *Villa Marina Yacht Sales v. Hatteras Yachts ("Villa Marina I")*, 915 F.2d 7, 12 (1st Cir.1990); *Rojas–Hernandez v. Puerto Rico Electric Power Authority*, 925 F.2d 492 (1st Cir.1991); *Villa Marina Yacht Sales, Inc. v. Hatteras Yachts ("Villa Marina II")*, 947 F.2d 529 (1st Cir.1991). In the Villa Marina cases, which upheld the dismissal of the federal action, the Circuit Court explained, that although federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them," *Colorado River*, 424 U.S. at 817, 96 S.Ct. at 1246, the Court must surrender jurisdiction in favor of "wise judicial administration" but permissible only in "exceptional" circumstances, *Id.* at 818, 96 S.Ct. at 1246.

▮ In consequence, courts need to take into consideration that, "the general

---

4. From *Colorado River* and its progeny, six factors have emerged as the core of this brand of jurisdictional analysis. To determine whether the required "exceptional circumstances" exist, a district court must consider: (1) whether either court has assumed jurisdiction over a *res;* (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction, *see Colorado River*, 424 U.S. at 813, 96 S.Ct. at 1244; (5) whether federal law or state law controls; and (6) whether the state forum will adequately protect the interests of the parties, *see Moses H. Cone*, 460 U.S. at 25–26, 103 S.Ct. at 941–42. The list, however, was not intend-

ed to be exhaustive. *Villa MarinaYacht Sales v. Hatteras Yachts ("Villa Marina I")*, 915 F.2d 7, 16 (1st Cir.1990). Other factors have been found to merit consideration, notably the vexatious or contrived nature of the federal claim, *see Id.* at 12; *Fuller Co. v. Ramon I. Gil, Inc.*, 782 F.2d 306, 309–10 (1st Cir.1986), as well as respect for the principles underlying removal jurisdiction, *see Villa Marina, supra*, at 14–15. Moreover, "[n]o one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against the exercise is required." *Id.* at 12.

principle is to avoid duplicative litigation," *Id.* at 817, 96 S.Ct. at 1246. In spite of the narrow interpretation accorded to the *Colorado River* and *Moses H.Cone* doctrines, as interpreted by the First Circuit in *Villa Marina I,* and *Villa Marina II, supra,* and after weighing the factors listed above and considering the exceptional circumstances present in this case, the Court finds that this case presents all the necessary circumstances which counsel in favor of abstention and proceed with the dismissal of the action.

Considerations of "wise judicial administration" **alone** may sometimes warrant dismissal [stay] of a federal court proceeding. See *Glen Oaks Utils., Inc. v. City of Houston,* 280 F.2d 330, 331–332 (5th Cir.1960) (emphasis ours) (state law did not accord res judicata effect to a judgment on appeal, and the Fifth Circuit nonetheless affirmed an order of staying federal court proceedings pending final resolution of the state court proceedings). Abstention is justified as a means "to further the harmonious relation between state and federal authority." *Cruz v. Melecio,* 204 F.3d at 23, quoting, *Railroad Comm'n v. Pullman Co.,* 312 U.S. 496, 501, 61 S.Ct. 643, 85 L.Ed. 971 (1941). See also *Lundborg v. Phoenix Leasing, Inc.,* 91 F.3d 265, 272–273 (1st Cir.1996).

Furthermore, in *Princess Lida v. Thompson,* 305 U.S. 456, 59 S.Ct. 275, 83 L.Ed. 285 (1939), the court ruled on whether a federal district court could exercise its jurisdiction concurrently over a suit involving the administration and control of a trust res that was already within the exclusive jurisdiction of the Pennsylvania Court of Common Pleas. In determining that the district court was without jurisdiction to hear the suit, the *Princess Lida* court concluded that:

> .... [w]here the judgment sought is strictly in personam, both the state court and the federal court, having con-current jurisdiction, may proceed with the litigation at least until judgment is obtained in one of them which may be set up as res judicata in the other. **On the other hand, if the two suits are in rem, or quasi in rem, so that the court, or its officer, has possession or must have control of the property which is the subject of the litigation in order to proceed with the cause and grant the relief sought the jurisdiction of the court must yield to that of the other. We have said that the principle applicable to both federal and state courts that the court first assuming jurisdiction over property may maintain and exercise that jurisdiction to the exclusion of the other, is not restricted to cases where property has been actually seized under judicial process before a second suit is instituted, but applies as well where suits are brought to marshal assets, administer trusts, or liquidate estates, and in suits of similar nature where, to give effect to its jurisdiction, the court must control the property.** The doctrine is necessary to the harmonious cooperation of federal and state tribunals. *Princess Lida,* at 305 U.S. at 465–467, 59 S.Ct. at 280–81(emphasis Ours).

Dismissal of Plaintiff's claim, is warranted in an execution of mortgage case as an in rem case, as a means to avoid piecemeal litigation. "In considering whether the concern for avoiding piecemeal litigation should play a role in this case, the district court must look beyond the routine inefficiency that is the inevitable result of parallel proceedings to determine whether there is some exceptional basis for requiring the case to proceed in the Commonwealth [state] court." *Villa Marina I,* 915 F.2d at 16.

The action by R & G against plaintiff was filed in state court, prior to the plaintiff filing its action in federal court. The

claims asserted by R & G at state level relate to debt collection and foreclosure of real estate property. The matter was adjudicated by judgment by the state court, and as such, the claim before this Court is entirely duplicative for purposes of resolving the claim, to determine whether the Veterans Administration was in a "Co-signer–Co–borrower–and Warrantor" position, between plaintiff Mr. Pastor Ginorio and defendant R & G.[5] In essence, conducting this litigation, i.e., in this forum is not only inefficient, but in this case unnecessary. Prosecution of the plaintiff's claims in federal court, would entail litigation of that issue twice, and awarding instant plaintiff two opportunities to obtain the same remedy. Since the Court at this time cannot determine whether the local state court's decision is pending resolution at the local appeals court, and since said court may decide in either manner, to affirm and/or reverse the judgment, there may be a risk of inconsistent adjudications over the same issue. Or even worse, if affirmed, the judgment would have the effect of providing the instant defendant the same remedy twice, therefore duplicating termination efforts.

Further, after performing an examination of the traditional principles enumerated in *Colorado River, Moses H. Cone,* and their progeny, the Court finds that the following factors favor the dismissal of the instant claim. To wit, (i) an identical issue regarding the collection of monies and foreclosure proceedings, was first submitted in state court; (ii) the state court has already adjudicated the matter through a judgment, and hence, as to these claims, state proceedings are far more advanced, as a matter of act, they are at the sale in public auction stage of the proceedings. Notwithstanding, this Court will not indefi-

nitely and unreasonably wait for a final determination. See, *Patsy v. Florida Board Regents,* 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982); *McNeese v. Board of Education,* 373 U.S. 668, 83 S.Ct. 1433, 10 L.Ed.2d 622 (1963); *Kercado–Melendez v. Aponte–Roque,* 829 F.2d 255 (1st Cir.1987).

 Finally, plaintiff moves the Court to issue an injunctive relief in an attempt to prevent the sale in public auction scheduled for the June 3, 2005. However, it is known that in considering a request for preliminary injunction, a trial court must weigh several factors: 1) the likelihood of success on the merits; 2) the potential of irreparable harm on the movant; 3)the balance of the movant's hardship if relief is denied versus the nonmovant's hardship if relief is granted, and 4) the effect of the decision on the public interest. Notwithstanding, the four enumerated factors, probability of success is the "touchstone" of the remedy also the *sine qua non* requirement. See *Ross–Simons of Warwick, Inc. v. Baccarat, Inc.,* 102 F.3d 12, 15 (1st Cir.1996); *Narragansett Indian Tribe v. Guilbert,* 934 F.2d 4, 5 (1st Cir.1991).

However, it is known that "equity ministers to the vigilant, not to those who sleep upon their rights". *Texaco Puerto Rico, Inc. v. Department of Consumer Affairs,* 60 F.3d 867 (1st Cir.1995). Likewise, the central feature of equitable jurisdiction is the ability to assess all relevant facts and circumstances and tailor appropriate relief on a case by case basis. *Id.* at 874. Furthermore, laches is an equitable doctrine which penalizes litigant for negligent or willful failure to timely assert its rights. *Valmor Products Co. v. Standard Products Corp.,* 464 F.2d 200, 204 (1st Cir. 1972). The traditional function of preliminary injunction is to preserve the status

---

**5.** Under local law the creditor Bank can sue either or both of the two alleged debtors, even assuming that plaintiff is correct that the Vet-

erans Administration was a co-borrower. 31 P.R. Laws Ann. §§ 3101–3112.

quo; that the court may retain its ability to render meaningful decision on the merits, and its application is discretionary with the court and cannot be mechanically applied. *Crowley v. Local No. 82, Furniture and Piano Moving, Furniture Store Drivers, Helpers, Warehousemen and Packers,* 679 F.2d 978, 995 (1st Cir.1982). Finally, it is known that an injunctive relief is inherently an equitable relief. *Great–West Life & Annuity Ins. Co. v. Knudson,* 534 U.S. 204, 211 n. 1, 122 S.Ct. 708, 713, 151 L.Ed.2d 635 (2002).

In the instant case the Court harbors no doubt that plaintiff failed to assert its rights diligently before this Court. The record shows that the instant request for injunctive relief was filed over eighteen (18) months after the complaint in the local state court was filed relating to an action in rem. Secondly, pursuant to the *Princess Lida* court, in in rem cases as the instant execution of mortgage case, this Court's federal jurisdiction must yield under *Colorado River* abstention doctrine to that of the state court in order to proceed with the cause and grant the relief sought.[6]

Therefore, the Court hereby **DENIES** plaintiff's *Motion Requesting "Order Requesting Urgent Temporary Reliefs" and/or Injunction of Cease and Desist* (Docket No. 13). The Court deems that because the probability of success criteria in the issuing of injunctive relief is not present, plaintiff has not been diligent in claiming his injunctive relief rights, and since this Court must yield to *Colorado River* and *Princess Lida* abstention doctrines because an in rem action has already been filed and adjudicated at least at trial level in state court, the Federal District Court must dismiss the instant action. *Ross–Simons of Warwick, Inc. v. Baccarat, Inc.,* 102 F.3d at 16 (likelihood of success is the touchstone of the preliminary injunction inquiry). Therefore this case is hereby **DISMISSED** against R & G Mortgage Corporation **WITH PREJUDICE. THIS CASE IS CLOSED FOR ALL STATISTICAL PURPOSES.**

**IT IS SO ORDERED.**

---

**6.** Although there is no general rule for abstention of the proceedings while there is a prior suit in another jurisdiction, the one firmly entrenched exception are the actions concerning real property. Consequently, "whichever court has jurisdiction first is entitled to exclusive jurisdiction over the matter and even can enjoin other [federal] courts from hearing the case." Chemerinsky, Erwin, *Federal Jurisdiction,* 4th ed., Aspen Publishers, § 14.2, p. 84, (2003); *General Atomic Co. v. Felter,* 434 U.S. 12, 98 S.Ct. 76, 54 L.Ed.2d 199 (1977)(*per curiam* )(property cases are the only situation where state courts may enjoin federal courts). When the matter is in rem, or is a foreclosure of a mortgage, the solution is not a stay but a dismissal ("jurisdiction of the [federal] court must yield [to the state court].") On the other hand, if the civil actions are purely personal, both state and federal courts have concurrent jurisdiction. *Princess Lida,* 305 U.S. at 465–467, 59 S.Ct. 275.