per curiam:
Nuevamente nos vemos obligados a ejercer nuestra función disciplinaria ante crasas violaciones a los cánones del Código de Etica Profesional.(1) Ello, por el re-ferido de una sentencia emitida por el Tribunal de Distrito Federal para el Distrito de Puerto Rico. En dicha sentencia se condenó por un delito grave al Ledo. Ramón Delgado Rodríguez. (2)
A continuación las actuaciones que activan nuestra ju-risdicción disciplinaria.
I
El licenciado Delgado Rodríguez era el representante legal del Sr. Roberto Ramos González en un caso que se ventilaba ante el Tribunal de Distrito Federal para el Dis-trito de Puerto Rico.(3) Mientras se dilucidaba el caso, el licenciado Delgado Rodríguez le solicitó a un tercero que le ofreciera $12,000 a un testigo de fiscalía para que cam-biara su declaración.
Por lo anterior, el 5 de febrero de 2008 se presentó un pliego acusatorio contra el licenciado Delgado Rodríguez y el señor Ramos González. Luego de varios trámites proce-sales de rigor, cuya narración es innecesaria para este pro-cedimiento disciplinario, el licenciado Delgado Rodríguez se declaró culpable del delito de manipulación de testigos.(4) Por ello, el 28 de agosto de 2009 el foro federal *627 emitió una sentencia mediante la cual se condena al licen-ciado Delgado Rodríguez a cumplir una pena de setenta meses en prisión y luego cumplir tres años en libertad condicionada.
El 13 de noviembre de 2009 el Tribunal de Distrito Federal para el Distrito de Puerto Rico nos refirió la aludida sentencia y el 11 de diciembre de 2009 emitimos una reso-lución ordenándole al licenciado Delgado Rodríguez que nos demostrara, dentro de un término de veinte días, por qué no debía ser suspendido del ejercicio de la profesión de la abogacía. Ello, por su condena por delito grave en la jurisdicción federal. No obstante, el licenciado Delgado Ro-dríguez no contestó nuestro requerimiento(5)
II
Ponderados los hechos, procedemos a resolver el pre-sente asunto disciplinario. Veamos.
A. Es causa suficiente para ejercer nuestra función disciplinaria el que un abogado sea encontrado incurso o se declare culpable de un delito en conexión con el ejercicio de su profesión.(6) Por ello, en lo pertinente a este recurso disciplinario, podemos colegir que es altamente reprochable el que un abogado produzca o trate de producir prueba falsa ante un tribunal.(7) “La intervención indebida por un abogado ... con sus testigos o los de la parte contraria es intolerable.”(8) De igual forma, los abogados tienen que “abstenerse de brindar, ofrecer u otorgar beneficios a *628 un testigo”(9) Además, los abogados tienen el deber de velar por que ninguna otra persona incumpla con lo antes expuesto(10)
Un abogado no puede, en la defensa de su cliente, violar las leyes o cometer algún engaño(11) La conducta de los abogados ante los tribunales y ante los compañeros de la profesión debe ser sincera y honrada. “No es sincero ni honrado el utilizar medios que sean inconsistentes con la verdad ni se debe inducir [o tratar de inducir] al juzgador a error utilizando artificios o una falsa relación de los hechos o del derecho.’(12) “[T]odo abogado, tanto en su vida privada como en el desempeño de su profesión, debe conducirse en forma digna y honorable.’(13)
B. Por otra parte, el incumplimiento de nuestras órdenes por parte de los abogados conlleva la imposición de sanciones severas. Ello, por tratarse de una conducta que contraviene las más elementales normas éticas que regulan la profesión de la abogacía(14) La desatención a las órdenes de este Tribunal constituye una clara violación al Canon 9 del Código de Etica Profesional, en lo referente a la exigencia de respeto hacia los tribunales(15) La testarudez y la contumacia al no contestar nuestros requerimientos no será tolerada(16) El no responder diligentemente nuestras órdenes o requerimientos constituye “una falta de *629 respeto hacia los procedimientos de este Tribunal y socava nuestra función reguladora de la profesión”. (17)
C. El incumplimiento de nuestra orden por parte del licenciado Delgado Rodríguez, por sí mismo, constituye causa suficiente para tomar medidas disciplinarias en su contra. No obstante, lo que nos obliga a pautar una drás-tica sanción disciplinaria contra el licenciado Delgado Ro-dríguez es que sus actuaciones son altamente reprochables. El licenciado Delgado Rodríguez violó las más elementales normas éticas. El delito de manipulación de testigos es un delito totalmente revestido de deprava-ción moral)(18) Tal depravación moral imposibilita al señor Delgado Rodríguez ejercer la profesión de la abogacía. La conducta desplegada por el señor Delgado Rodríguez cons-tituye una falta intolerable hacia nuestra profesión, a la confianza pública depositada en ésta y a este Tribunal. Además, su desidia al desatender nuestra orden demues-tra que el señor Delgado Rodríguez no interesa practicar la profesión de la abogacía.
III
Considerando la gravedad de los actos incurridos por el señor Delgado Rodríguez y de nuestra obligación de man-tener la fe del Pueblo en la justicia a los más altos niveles de responsabilidad pública, decretamos la separación in-mediata e indefinida de la profesión de la abogacía y de la *630 notaría al señor Delgado Rodríguez. Ello, por violar los Cá-nones 5, 7, 9, 18, 35 y 38 del Código de Ética Profesional, supra.

Ordenamos que su nombre sea eliminado de los registros de abogados y de notarios. Le apercibimos de su obligación de informar a todos sus clientes de su inhabilidad para representarlos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar, oportunamente, su desaforo a los foros judiciales y administrativos de Puerto Rico. Además, tiene la obligación de certificarnos dentro de un término de treinta días a partir de su notificación, el cumplimiento con estos deberes.

La Oficina del Alguacil de este Tribunal procederá, de inmediato, a incautar el sello y la obra notarial del señor Delgado Rodríguez. Luego éstos se entregarán a la Oficina de Inspección de Notarías para su examen e informe corres-pondiente a este Tribunal.

 4 L.P.R.A. Ap. IX.

 El licenciado Delgado Rodríguez fue admitido a la práctica de la abogacía por este Tribunal el 13 de agosto de 1986 y a la notaría el 9 de septiembre de 1986.

 En dicho caso, el señor Ramos González, mejor conocido como “Robert Belle-za”, estaba acusado por delitos de narcotráfico.

 18 U.S.C.A. sec. 1512(b)(1).

 La resolución emitida por este Tribunal fue enviada al licenciado Delgado Rodríguez al “Federal Correction Institution RO. Box 1000, Morgan Town, West Virginia 26507”, en donde se encontraba confinado.

 In re Manzano Velázquez, 144 D.P.R. 84 (1997).

 4 L.P.R.A. Ap. IX, C. 5.

 Íd

 4 L.P.R.A. Ap. IX, C. 15. Véanse: In re Rodríguez Torres, 104 D.P.R. 758 (1976); In re Pagán Colón, 100 D.P.R. 223 (1971).

 íd.

 4 L.P.R.A. Ap. IX, C. 18.

 4 L.P.R.A. Ap. IX, C. 35.

 4 L.P.R.A. Ap. IX, C. 38.

 In re Ramírez Ferrer, 164 D.P.R. 744 (2005); In re Vargas Soto, 146 D.P.R. 55 (1998).

 4 L.P.R.A. Ap. IX, C. 9; In re Vargas Soto, supra.

 In re Santiago Méndez, 129 D.P.R. 696 (1991).

 In re Velázquez Quiles, 146 D.P.R. 30 (1998).

 En cuanto a lo que constituye depravación moral, hemos expresado que “tratándose de abogados, consiste ... en hacer algo contrario a la justicia, la honra-dez, los buenos principios o la moral. ... En general la consideramos como un estado o condición del individuo, compuesto por una deficiencia inherente de su sentido de la moral y la rectitud; en que la persona ha dejado de preocuparse por el respeto y la seguridad de la vida humana y todo lo que hace es esencialmente malo, doloso, fraudulento, inmoral, vil en su naturaleza y dañino en su consecuencias”. In re Garca Quintero, 138 D.P.R. 669, 671 (1995). El presente caso es un ejemplo claro de lo que constituye depravación moral.