Alfredo BORRERO–ALBERTY,
Plaintiff,

v.

ASHFORD PRESBYTERIAN
COMMUNITY HOSPITAL,
et al., Defendants

No. CIV.04–1839(JP).

United States District Court,
D. Puerto Rico.

Feb. 11, 2005.

Ricardo Ruiz–Díaz, Esq., Ruiz & Reyes Law Offices, Fajardo, PR, Carlos A. Ortiz–Morales, Esq., San Juan, PR, for Plaintiff.

Reinaldo Calderón–Jiménez, Esq., Marta E. Vilá–Báez, Esq., Sánchez Betances & Sifre, P.S.C., San Juan, PR, for Defendant.

***OPINION AND ORDER***

PIERAS, Senior District Judge.

## I. INTRODUCTION

Before the Court is co-Defendants Ashford Presbyterian Community Hospital and American International Insurance Company's "Motion to Dismiss and Requesting the Abstention of this Honorable Court" (**docket No. 13**); Plaintiff's Opposition thereto (docket No. 19), and Defendants' Reply to Plaintiff's Opposition (docket No. 24). For the foregoing reasons, the Court **GRANTS** Defendants' motion to stay the case until the parallel state court proceedings have been resolved.

## II. BACKGROUND

This case, at least in this Court, began on August 13, 2004, when Plaintiff, a resident of New York, filed this diversity suit in this Court for alleged medical malpractice resulting from a negligent examination following a visit to Ashford Presbyterian Hospital.

Plaintiffs and his parents, however, had previously brought a parallel suit in the Commonwealth Court in May 2000, alleging the same controversies as in the current case before this Court. After four years of litigation, on May 17, 2004, Plaintiff requested the Commonwealth Court to dismiss his claim before that judicial body without prejudice, since he was moving to New York City to undergo treatment for his serious medical condition. The Court denied his claim, holding that ... "The dismissal without prejudice would allow the plaintiff to remain away from Puerto Rico, receiving his treatment for the devastating disease he is suffering, and to proceed with his cause of action once he overcomes this transplant stage, if he were to still be interested in doing so, or if his health would thus allow". *See Exhibit IX* to Defendants' *Motion to Dismiss.* The

Court informed Plaintiff that the dismissal would only be granted with prejudice, if he so wished. Said case remains alive today before the Commonwealth of Puerto Rico Court of First Instance, San Juan Part.

## III. ANALYSIS

Defendants allege that, under the landmark case of *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1975), this Court should stay these proceedings, or in the alternative, dismiss the case in deference to the Commonwealth Court proceeding, which is much more advanced. The Court finds Defendants' arguments to be sound, accepts Defendants' invitation, and therefore **GRANTS** its motion to stay the case.

It is clearly established that federal courts have an almost unflagging duty to exercise jurisdiction conferred upon them by Congress. *Colorado River*, 424 U.S. at 817, 96 S.Ct. 1236; *England v. Louisiana State Bd. of Medical Examiners*, 375 U.S. 411, 415, 84 S.Ct. 461, 464, 11 L.Ed.2d 440, 444 (1964). Abstention is the exception, not the general rule. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716, 116 S.Ct. 1712, 1720, 135 L.Ed.2d 1 (1996); *see also County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188, 79 S.Ct. 1060, 1062, 3 L.Ed.2d 1163 (1959) ("Abstention remains an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it.") It is only in exceptional circumstances that a federal court can decline to exercise its jurisdiction. *Id.* The Court finds these exceptional circumstances to be present here, and therefore holds that a stay of these proceedings is warranted in this instance.

Underlying our federal system is a presumption that the state courts are as capable as their federal counterparts of guaranteeing federal rights. *See Middlesex Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431, 102 S.Ct. 2515, 2521, 73 L.Ed.2d 116 (1982) ("Minimal respect for the state processes, of course, precludes any presumption that the state courts will not safeguard federal constitutional rights."); *see also Sumner v. Mata*, 449 U.S. 539, 549, 101 S.Ct. 764, 770, 66 L.Ed.2d 722 (1981). Related to this presumption of equal competency is the concept of comity, which counsels federal courts to be sensitive to the existence of a parallel system of state governance. *See Younger v. Harris*, 401 U.S. 37, 44, 91 S.Ct. 746, 750, 27 L.Ed.2d 669 (1971). "Comity entails a proper respect for state functions, a recognition of the fact that the entire country is made up of a union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Id.*

■ The general rule for litigation between the federal and state systems is that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction ...". *McClellan v. Carland*, 217 U.S. 268, 282, 30 S.Ct. 501, 505, 54 L.Ed. 762 (1910). However, when said situation occurs and concurrent procedures are brought in both forums, the Court must exercise "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation". *Kerotest Mfg. Co. v. C–O–Two Fire Equipment Co.*, 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952).

■ The landmark case of *Colorado River* served to bolster the principle that it is only in extraordinary circumstances that a federal court can stay proceedings in deference to an ongoing state proceeding. *Colorado River*, 424 U.S. at 813, 96 S.Ct.

1236. While a parallel state proceeding, in and of itself, is not an extraordinary circumstance, in *Colorado River* the Supreme Court developed a series of factors that the Court must analyze in order to determine whether it should proceed or stay the case.

The *Colorado River* Court considered the following: property interests involved, given the fact that the court first assuming jurisdiction over property may exercise that jurisdiction to the exclusion of other courts, *Donovan v. City of Dallas*, 377 U.S. 408, 412, 84 S.Ct. at 1579, 1582, 12 L.Ed.2d 409 (1964); the inconvenience of the federal forum, *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); the desirability of avoiding piecemeal litigation, *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620, 1625 (1942); the order in which jurisdiction was obtained by the concurrent forums, *Pacific Live Stock Co. v. Lewis*, 241 U.S. 440, 447, 36 S.Ct. 637, 640, 60 L.Ed. 1084, 1096 (1916); the type of law controlling the cause of action, *Moses H. Cone Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); and adequate protection of the parties' interests by the state forum. *Id.*

■ The Court has examined and weighed all these factors, and finds that the interests of all parties would be better served by staying this matter until the state court resolves the issues before it. The Court gave particular weight to the fact that the state court has had jurisdiction of the original case since 2000, that the state court case is more advanced. More specifically, *the state court already has jurisdiction over the impleaded indispensable third parties which are not yet present in this case,* despite Plaintiff's allegations to the contrary. The court also carefully considered the desire of all courts to avoid piecemeal litigation, and the wise administration and conservation of already scarce judicial resources. *Colorado River,* 424 U.S. at 818, 96 S.Ct. 1236.

Moreover, the Court is convinced that since both cases arise from the same transaction or occurrence, and the causes of action are identical in both forums, Plaintiff's interests are currently adequately represented in the state forum. *Moses H. Cone,* 460 U.S. at 19, 103 S.Ct. 927. To the extent that Plaintiff alleges his interests are not adequately protected since has no jury in the state Court, this argument in unavailing to Plaintiff. This aspect of his case neither bothered him when he filed this federal case, nor did it bother his parents when they filed their case over four (4) years ago, and who continue to litigate his case in the Commonwealth Court today. Regarding the choice of law issue, the Court finds that while the type of law controlling is not at issue here, since this Court sees state law claims every day, there is no federal cause of action present in this case that would favor Plaintiff's desire to litigate in this forum. The Court further notes that the Commonwealth Court exercised jurisdiction over this case *almost five (5) years ago.* Hence, Plaintiff can hardly argue that this factor does not favor staying this case.

Lastly, while no inconvenience results to Plaintiff from litigating here, likewise no inconvenience will result from litigating in the state Court. The Court notes that Plaintiff alleged in his motion for voluntary dismissal in the Commonwealth case that it would allow him to *remain away from Puerto Rico,* receiving his treatment for the devastating disease he is suffering, and to then proceed with his cause of action once he overcomes this transplant stage. Therefore, to the extent that his condition will require him to be away from Puerto Rico for treatment, he will not be able to litigate either of these cases properly.

The federal docket is replete with costly, time-consuming litigation. The Court is of the opinion that the Commonwealth case is at a much more advanced stage of litigation, and that should this Court commence litigation in this case at this late date, it would be a waste of our scarce judicial resources, as well as time and money for all parties, especially since both claims involve identical causes of action. Therefore, the Court hereby **STAYS** the current proceedings until the Commonwealth court resolves the issues before it. The Court also **ORDERS** the parties to file a joint informative motion every **NINETY (90)** days to keep the Court appraised of the status of the Commonwealth case.

## IV. CONCLUSION

For the aforementioned reasons, Defendants' motion to stay the case is **GRANTED**, and the Court hereby **STAYS** this action until the parallel state proceeding in the Commonwealth of Puerto Rico Court has been resolved.

**IT IS SO ORDERED AND ADJUDGED.**