**Miriam MALAVE and Milcenia Malave, Plaintiffs,**

v.

**CENTRO CARDIOVASCULAR DE PUERTO RICO Y DEL CARIBE, et al., Defendants.**

**Luz Maria Melendez, et al., Plaintiffs,**

v.

**Carl Vu and Evanston Insurance Company, Defendants.**

**Civil Nos. 05–1769 (GAG), 06–1885(GAG).**

United States District Court, D. Puerto Rico.

April 27, 2007.

Rafael E. Garcia–Rodon, Rafael E. Garcia Rodon Law Office, San Juan, PR, for Plaintiffs.

Eduardo A. Vera–Ramirez, Luis A. Alvarado–Hernandez, Landron & Vera LLP, Guaynabo, PR, Jose A. Miranda–Daleccio, Miranda Cardenas & Cordova Law Office, Gloria M. De–Corral–Hernandez, De Corral & De Mier, Ramon Coto–Ojeda, Coto, Malley & Tamargo, San Juan, PR, Jose Luis Fernandez–Esteves, Law Offices Benjamin Acosta, Jr., Old San Juan, PR, PHV William J. Cahill, W.L. Cahill & Associates, P.C., Holmdel, NJ, for Defendants.

## *OPINION AND ORDER*

GELPI, District Judge.

This consolidated action involves a negligence claim under Article 1802 of the Commonwealth Civil Code. On March 16, 2007, Defendant Terumo Cardiovascular Systems Corporation ("TCVS") moved to dismiss or stay this case pursuant to the *Colorado River* abstention. *See* Docket Nos. 121, 122. The court denied this motion on April 4, 2007. *See* Docket No. 139. The matter is now before the court on TCVS' motion for reconsideration. In this motion, TCVS argues that the court erred when it held that the *Colorado River* doctrine does not favor abstention in this case. After reviewing the pleadings and perti-

**8**

nent law, the court **DENIES** TCVS' motion for reconsideration (Docket No. 142).

## I. Standard of Review

 Motions for reconsideration are generally considered under Fed.R.Civ.P. 59 or 60, depending on the time such motion is served. *Perez–Perez v. Popular Leasing Rental, Inc.*, 993 F.2d 281, 284 (1st Cir.1993). Whether under Rule 59 or Rule 60, a motion for reconsideration cannot be used as a vehicle to relitigate matters already litigated and decided by the court. *Villanueva–Mendez v. Vazquez*, 360 F.Supp.2d 320, 322 (D.P.R.2005). These motions are entertained by courts if they seek to correct manifest errors of law or fact, present newly discovered evidence, or when there is an intervening change in law. *See Rivera Surillo & Co. v. Falconer Glass. Indus. Inc.*, 37 F.3d 25, 29 (1st Cir.1994) (citing *F.D.I.C. v. World University, Inc.*, 978 F.2d 10, 16 (1st Cir.1992); *Cherena v. Coors Brewing Co.*, 20 F.Supp2d 282, 286 (D.P.R.1998)). Hence, this vehicle may not be used by the losing party "to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier." *National Metal Finishing Com. v. BarclaysAmerican/Commercial, Inc.*, 899 F.2d 119, 123 (1st Cir.1990).

## II. Legal Analysis

 Before applying the *Colorado River* doctrine to this case, the court notes that "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule. The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the State court would clearly serve an important countervailing interest.' " *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 813, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) (quoting *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188–89, 79 S.Ct. 1060, 3 L.Ed.2d 1163 (1959)). *See also Villa Marina Yacht Sales, Inc. v. Hatteras Yachts*, 915 F.2d 7, 13 (1st Cir.1990) (noting that there is a "heavy presumption favoring the exercise of jurisdiction").

 The Supreme Court has identified six factors to consider in determining whether exceptional circumstances favor the exercise of abstention: (1) whether either court has assumed jurisdiction over a res; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law controls; and (6) whether the state forum will adequately protect the interests of the parties. *Colorado River*, 424 U.S. at 818, 96 S.Ct. 1236; *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 23–27, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). The First Circuit has added other factors including the vexatious or contrived nature of the federal claim and respect for the principles underlying removal jurisdiction. *See KPS & Assocs. v. Designs by FMC, Inc.*, 318 F.3d 1, 10 (1st Cir.2003). These factors are not "exhaustive, nor is any one factor necessarily determinative." *Id. See also Villa Marina*, 915 F.2d at 12. (noting that "[n]o one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against the exercise is required."). *Id.*

The first two factors in *Colorado River* have little bearing on this case. There is no res at issue and the federal forum is equally convenient to the state forum, as both are located in the same city. *See Currie v. Group Ins. Com'n*, 290 F.3d 1, 10 (1st Cir.2002). As for the third factor, there is some risk of piecemeal litigation. However, "in considering whether the concern for avoiding piecemeal litigation should play a role in [the granting of a stay], the district court must look beyond the routine inefficiency that is the inevitable result of parallel proceedings to determine whether there is some exceptional basis for requiring the case to proceed entirely in the [state] court." *Villa Marina*, 915 F.2d at 16; *see also Rojas–Hernandez v. Puerto Rico Elec. Power Authority*, 925 F.2d 492, 496 (1st Cir.1991) (stating that "under *Colorado River* and *Moses H. Cone*, such inefficiency as results merely from a duplication of effort will not, by itself, justify the surrender of federal jurisdiction," rather, "the narrow exception exists only where piecemeal adjudication gives rise to special complications."). No such exceptional circumstances are present here. This case presents a straightforward application of Puerto Rico tort law "and, thus, the possibility that harsh, contradictory or unfair consequences will result is slim." *Burns v. Watler*, 931 F.2d 140, 146 (1st Cir.1991). Thus, the court finds that there is little risk of piecemeal litigation.

The fourth factor in *Colorado River* examines the order in which the forums obtained jurisdiction. Here, the state court obtained jurisdiction before the federal court. However, the Supreme Court has clarified that this factor "should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone*, 460 U.S. at 21, 103 S.Ct. 927. In the present action, it appears from the record that discovery is more advanced in the federal case than in the state case. This progress difference favors the exercise federal of jurisdiction.

The fifth factor in *Colorado River* looks at whether federal law or state law controls. Here, both the federal and state cases involve only Puerto Rico law. However, the presence of state law issues weighs in favor of surrender only in "rare circumstances." *Id.* at 26. Rare circumstances exist only when a case presents "complex questions of state law that would best be resolved by a state court." *American Bankers Ins. Co. of Florida v. First State Ins. Co.*, 891 F.2d 882, 885 (11th Cir.1990). The present case involves a straightforward application of Puerto Rico tort law. The legal issues are neither complex nor novel.

The sixth factor in *Colorado River* examines whether the state forum will adequately protect the interests of the parties. In this case, two of the plaintiffs in the federal case are not Puerto Rico residents. These two plaintiffs are not parties to any action in state court. Moreover, none of the plaintiffs in state court represent their interests or have filed an action on their behalf. Thus, the state court proceedings offer no protection to the rights of the nonresident plaintiffs. The inadequacy of the state forum to protect the interest of the non-resident plaintiffs favors the exercise of jurisdiction.

Finally, the court turns to the additional factors considered by the First Circuit in its abstention analysis: the vexatious or contrived nature of the federal claim and respect for the principles underlying removal jurisdiction. A federal claim may be vexatious or contrived if it is asserted in federal court after plaintiffs failed to make a similar claim in state court. *See Villa Marina*, 915 F.2d at 15.

Here, there is no evidence that plaintiffs engaged in this type of forum shopping or that plaintiffs' actions were reactive. If anything, TCVS' action in this case are the ones that appear to be reactive and contrived. TCVS was not a party to any of the federal cases that were consolidated. In August of 2006, TCVS requested permission to intervene in Civil Case No. 05–1769 saying that it wished to participate in this case. *See* Docket No. 64. After participating for over six months in this case's proceeding and those of the consolidated Civil Case No. 06–1885, TCVS moved to dismiss or stay Plaintiffs' case.

Likewise, the other factor considered by the First Circuit, respect for the principles underlying removal jurisdiction, does not favor abstention in this case. This factor is relevant if a plaintiff attempted to evade the policy in 28 U.S.C. § 1441 that only a defendant be able to remove a lawsuit from state court to federal court. *Villa Marina*, 915 F.2d at 14. That is not the case here.

### III. Conclusion

Because the balance of the *Colorado River Doctrine* factors and those identified by the First Circuit in its abstention analysis favor the exercise of jurisdiction, the court holds that it did not commit a manifest error of law when it denied TCVS' motion to dismiss or stay. Therefore, TCVS' motion for reconsideration (Docket No. 142) is hereby **DENIED**.

**SO ORDERED.**

### ORDER

The motion to dismiss/stay filed by defendant TCVS (Docket No. 122) is hereby DENIED. The Court finds the *Colorado River* doctrine to be inapplicable to the case at bar for the following reasons:

1. This case involves a negligence claim under Article 1802 of the Common-wealth Civil Code. Local tort law is neither unsettled nor complex. *Compare Rojas–Hernández v. PREPA*, 925 F.2d 492, 496 (1st Cir.1991)(ruling against dismissal under *Colorado River* where suit was one for tort damages) *with Villa Marina Yacht Sales, Inc. v. Hatteras Yachts*, 947 F.2d 529, 534–535 (1st Cir.1991) (ruling in favor of dismissal where claim of tortious interference with prospective business advantage presented novel issue of Commonwealth law). The present case is governed by *Rojas–Hernández* as it involves no novel legal issue of Puerto Rico tort law.

2. TCVS, arguing in favor of dismissal, notes that it is the manufacturer of a medical device *"regulated by a complex federal regulatory scheme"* (Docket No. 122 at page 19). Consequently, inconsistent federal and state verdicts will create *"contradictory and conflicting obligations under those regulations"* (*Id.*). The Court finds that this argument, rather than favoring dismissal, warrants the exercise of federal jurisdiction. The Court recognizes that a federal element within the state law tort cause of action, in and of itself, cannot give rise to federal jurisdiction. *See Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 813–817, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986). However, where federal jurisdiction lies—as is the case here because of the parties' diversity—the Court has an unflagging obligation to exercise its jurisdiction. Since any novel issues in this case pertaining to tort liability would require an interpretation of federal law (i.e., the complex federal regulatory scheme), this element heavily

weighs in favor of retaining federal jurisdiction.

3. There is no indication that the Commonwealth actions are more advanced procedurally. Rather, it appears that this case is far more advanced. With TCVS's participation, the Court issued a case management and discovery schedule (*see* Docket No. 111). In fact, discovery (with TCVS participating) is well on its way as the docket evidences. *Compare with Borrero–Alberty v. Ashford Presbyterian Community Hospital,* 356 F.Supp.2d 83 (D.P.R.2005) (staying parallel court case for ninety (90) days when Commonwealth court case filed five (5) years earlier was way more advanced).

4. This Court cannot force the non-resident plaintiff's sisters to relinquish their constitutional and statutory right to litigate in federal court where diversity of jurisdiction lies.

**SO ORDERED.**