**Maritza VALLE–ARCE, Plaintiff,**

v.

**PUERTO RICO PORTS AUTHORITY, Defendant.**

**Civil No. 07–2071 (FAB).**

United States District Court, D. Puerto Rico.

Nov. 17, 2008.

Jose F. Quetglas, Quetglas Law Office, San Juan, PR, for Plaintiff.

Lilliam E. Mendoza–Toro, Luis A. Defillo–Rosas, Suarez Cobo Law Office, San Juan, PR, for Defendant.

## OPINION AND ORDER

BESOSA, District Judge.

On November 8, 2007, plaintiff Maritza Valle–Arce filed a complaint against defendant Puerto Rico Ports Authority ("PRPA"). (Docket No. 1) Valle–Arce alleges that PRPA failed to accommodate her because of her disabilities, and that she was subjected to disability-based discrimination and retaliation which culminated in her termination after she engaged in protected activities, in violation of the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* She also raises two state law causes of action pursuant to the court's supplemental jurisdiction, 28 U.S.C.

§ 1367, premised upon the same alleged facts.

On January 24, 2008, the defendant filed a motion to dismiss, requesting that the court abstain from exercising jurisdiction or dismiss the complaint in its entirety, pursuant to the *Colorado River* doctrine. (Docket No. 6) On February 25, 2008, plaintiff opposed defendant's request. (Docket No. 15) For the reasons stated below, defendant's motion is **DENIED.**

## I. FACTUAL AND PROCEDURAL BACKGROUND

Valle–Arce was employed by the defendant from June 18, 1990 to July 24, 2007. She began as a Personnel Technician, and later held various positions in Human Resources. In January 2005, Valle–Arce was appointed to the career position of Assistant Director of Human Resources, which she held until her dismissal on July 24, 2007. (Docket No. 1, ¶ 4.5)

Valle–Arce alleges that she suffers from fibromyalgia, chronic fatigue syndrome, and major depression. (Docket No. 1, ¶ 4.1) These conditions have allegedly impaired some of her life's major activities, such as walking, performing manual tasks, taking care of herself, working, thinking, concentrating, and sleeping. (*Id.* ¶ 4.7) Although Valle–Arce suffers these mental and physical impairments, she asserts that she was qualified to perform the essential functions of her employment position, with reasonable accommodations. (*Id.*)

Since the year 2000, Valle–Arce has requested that PRPA provide her with reasonable accommodations because of her disabilities. (Docket No. 1, ¶ 5.1) Nearly seven years prior to filing the Complaint with this Court, Valle–Arce filed a complaint in the Superior Court of San Juan against PRPA, based on many of the same facts alleged in this case. The state ac-

tion,[1] filed on September 12, 2000, is still pending. (Docket No. 6, p. 1; Docket No. 15, p. 1)

On June 30, 2006, the Commonwealth Court issued a "Partial Judgment and Resolution," granting PRPA's motion to dismiss as to Valle–Arce's civil rights claims, but denying it as to the causes of action for political discrimination under Law 100 and disability-based discrimination under Law 44.[2] Regarding the Law 44 claim, the Court expressed that it had "doubts whether plaintiff's alleged condition falls within the disabilities of Law 44 and if that is so, if in effect the defendant failed to provide the requested reasonable accommodations." (Docket No. 15, p. 2; Docket No. 13–4, p. 18)

On March 19, 2007, Valle–Arce filed charges of employment discrimination (disability and retaliation) with the Anti–Discrimination Unit of the Equal Employment Opportunity Commission ("EEOC"). (Docket No. 1, ¶ 3.1) On August 31, 2007, she received the right to sue letter from the EEOC. (*Id.* ¶ 3.2) On October 3, 2007, Valle–Arce filed additional charges of employment discrimination (retaliatory dismissal) with the EEOC. (*Id.* ¶ 3.3)

In view of the two concurrent proceedings in federal and state court, PRPA filed its motion to dismiss arguing that pursuant to the *Colorado River* doctrine, the Court should abstain from exercising federal jurisdiction over this case. (Docket No. 6, p. 10) Valle–Arce argues in response that PRPA failed to demonstrate the existence of the exceptional circumstances necessary to justify dismissal of the action

pursuant to the *Colorado River* Doctrine. (Docket No. 15, p. 12)

## II. COLORADO RIVER DOCTRINE

### A. LEGAL PRINCIPLES

■ Under truly "exceptional circumstances" a federal court may abstain from exercising jurisdiction to avoid duplicative litigation between federal and state proceedings. *Colorado River v. United States,* 424 U.S. 800, 813, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) (citations omitted). "Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Id.* at 813, 96 S.Ct. 1236.

■ Under *Colorado River's* exceptional circumstances test, the district court has the discretion to dismiss or stay proceedings when there is parallel litigation pending in another forum. *See, Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 19, 27–28, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); *Ticket Center Inc. v. Banco Popular,* 399 F.Supp.2d 79, 84 (D.P.R.2005). The *Colorado River* abstention doctrine applies if a two-part test is satisfied. *H & R Block Tax Services, Inc. v. Rivera–Alicea,* 570 F.Supp.2d 255, 266 (D.P.R.2008) (citing *Pastor–Ginorio v. R & G Mortg. Corp.,* 371 F.Supp.2d 89, 95 (D.P.R.2005)). First, the Court must determine whether the actions in the state and federal forums are parallel. *Id.* The proceedings are considered to be parallel if they involve the same parties and substantially identical claims, raising nearly identical allegations and issues. *Id.* (citations omitted). Second, the

---

1. Plaintiff sued the defendant pursuant to 42 U.S.C.A. § 1983, 32 L.P.R.A. § 3524, Law No. 44 (disability-based discrimination), 1 L.P.R.A. § 501, et. seq., Law No. 100, section 146 (discrimination) and Article 1802 of the Puerto Rico Civil Code, 31 L.P.R.A. § 5141, claiming she was a victim of discrimination

and retaliation in the workplace by reason of her political affiliation, and that the defendants had failed to reasonably accommodate her because of her disabilities. (Docket No. 6, ¶ 1; Docket No. 15, p. 1)

2. Law 44 is the local counterpart of ADA.

Court must consider and balance a number of factors to determine whether the case falls under such "exceptional circumstances" as to justify abstention. *Id.*

 The Supreme Court has held that a district court should consider the following six factors when deciding whether or not to abstain from exercising jurisdiction: (1) whether a *res* is involved in the litigation and another court has already exercised jurisdiction over it; (2) whether the federal forum is inconvenient; (3) whether staying or dismissing the suit would avoid piecemeal litigation; (4) whether jurisdiction was obtained in the state forum first; (5) whether state or federal law controls the action; and (6) whether the state forum will adequately protect the interests of the parties. *Moses H. Cone,* 460 U.S. at 23–26, 103 S.Ct. 927; *Colorado River,* 424 U.S. at 818–819, 96 S.Ct. 1236. The First Circuit Court of Appeals added the following two factors: (7) the vexatious or contrived nature of the federal claim; and (8) respect for the principles underlying removal jurisdiction. *United States v. Fairway Capital Corp.,* 483 F.3d 34, 40 (1st Cir.2007); *Villa Marina Yacht Sales, Inc. v. Hatteras Yachts,* 915 F.2d 7, 12 (1st Cir.1990); *Ticket Center, Inc.,* 399 F.Supp.2d at 85. This list of factors is not a "mechanical checklist." *Moses H. Cone,* 460 U.S. at 16, 103 S.Ct. 927. Neither are the factors exhaustive, nor is one factor necessarily determinative. *Fairway Capital,* 483 F.3d at 40 (citations omitted). A district court should balance all the factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction. *Moses H. Cone,* 460 U.S. at 16, 103 S.Ct. 927; *see also, Villa Marina Yacht Sales,* 915 F.2d at 12. "Only the clearest of justification will warrant dismissal." *Colorado River,* 424 U.S. at 819, 96 S.Ct. 1236.

## B. APPLICATION OF THE DOCTRINE

The Court must first determine if there is a pending suit before the state court that is parallel to this action in federal court. According to PRPA, there are two concurrent proceedings in federal and state court. Both the federal and state cases have the same parties; the complaints arise from the same actions; the claims are substantially the same; the allegations and issues are similar; and the remedies being sought are nearly identical, even though the alleged discriminatory events arise from different time periods. Furthermore, both lawsuits are focused on two different main issues, but these issues may be addressed by both courts.

Accordingly, the pending suit in the state court is parallel to the federal court. Thus, the first part of the two-part test of the *Colorado River* doctrine has been met.

The second part of the test includes the factors to determine whether or not "exceptional circumstances" exist to justify abstention.

In this case, two of the eight factors are irrelevant. The first factor, whether the controversy involves a *res,* is inapplicable because no *res* is involved. The second factor, also known as the inconvenience factor, is immaterial because the federal forum is no less convenient for the parties than the state court because both are located in San Juan, Puerto Rico. The Court will therefore analyze the remaining factors, which are (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) the source of law; (6) the adequacy of the state forum to protect plaintiff's federal rights; (7) the vexatious or contrived nature of the federal claim; and (8) respect for the principles underlying removal jurisdiction.

■ The third factor requires the district court to determine whether staying or dismissing the federal action will avoid piecemeal litigation. The risk of piecemeal litigation arises when the ruling from the state court would render the federal court's opinion merely advisory, or vice-versa. *Fairway Capital*, 483 F.3d at 42. "In considering whether the concern for avoiding piecemeal litigation should play a role in this case, the district court must look beyond the routine inefficiency that is the inevitable result of parallel proceedings to determine whether there is some exceptional basis for requiring the case to proceed entirely in state court." *Id.* (quoting *Villa Marina Yacht Sales*, 915 F.2d at 16).

■ In this case, while the parties are the same, the main issues and facts are different. The issue before this court is whether there was disability-based discrimination pursuant to the ADA. The discrimination and retaliation claims asserted in the complaint are based on facts that occurred from October 1, 2006 to July 24, 2007 (the date of plaintiff's termination). (Docket No. 21, p. 2; Docket No. 30) In contrast, the primary issue before the state court is political discrimination, and is based on facts that occurred prior to June 30, 2006 (date of state court's partial judgement).. (Docket No. 13–3; Docket No. 13–4; Docket No. 1, ¶ 5.1) Thus, a ruling by the district court would not have an effect on the state court's determination. This case does not present the kind of exceptional inefficiency that may occur with piecemeal litigation. Accordingly, the piecemeal factor weighs against abstention.

■ The fourth factor requires the district court to determine the order in which the actions were filed and whether the proceedings have advanced more in one forum than in the other. The order in which jurisdiction was obtained, or the "priority element," looks not only to which case was filed first, but also how much progress has been made in the two actions. *Moses H. Cone*, 460 U.S. at 21–22, 103 S.Ct. 927; *see also, Ortiz Navarro v. Puerto Rican Cars, Inc.*, 106 F.Supp.2d 302, 305 (D.P.R.2000). The Supreme Court has indicated that the order in which jurisdiction is taken is not a mechanical concept automatically favoring the party who files first, but rather a concept that favors the case that is more advanced at the time the *Colorado River* balancing occurs. *Moses H. Cone*, 460 U.S. at 21–22, 103 S.Ct. 927.

■ In this case, the state court obtained jurisdiction seven years prior to Valle–Arce's filing her federal case. PRPA states that the federal case has just started, is in its pre-discovery phase,[3] no hearings have been held, and no scheduling orders have been issued. (Docket No. 6, p. 16) Thus, the parties have still not spent substantial time, money, and resources to litigate the federal case. (*Id.* at p. 16) The State case has been litigated among the parties, however, for eight years, interrogatories have been exchanged, discovery is well advanced,[4] and a partial judgment was issued. (Docket No. 6, p. 16; Docket No. 52, p. 2) Valle–Arce responds that the discovery procedures have not substantially progressed in the state action; PRPA has not yet deposed her or her treating physicians and experts; the pretrial conference has not been sched-

---

**3.** Valle–Arce's deposition in the state case is scheduled for December 9 and 10, 2008. (Docket No. 52, p. 2)

**4.** Valle–Arce's deposition in the federal case is scheduled for November 18 and 20, 2008. (Docket No. 52, p. 2)

uled; and no trial date has been set. (Docket No. 15, p. 9)

The Court finds that the priority factor weighs in favor of abstention. The facts of the case demonstrate that the state lawsuit was filed first, the state court has had jurisdiction over the case for eight years and its proceedings are more advanced and developed than in the federal forum.

The fifth factor requires the district court to determine whether federal law provides the rule of decision. The presence of federal law issues weigh heavily in favor of retaining federal court jurisdiction. *Villa Marina*, 915 F.2d at 15 (citing *Moses H. Cone*, 460 U.S. at 26, 103 S.Ct. 927) Only in rare circumstances will the presence of state law issues weigh in favor of surrender of jurisdiction. *Id.* These rare circumstances only exist when a case presents "complex questions of state law that would best be resolved by a state court". *Id.* (citations omitted)

This case does not present one of the rare circumstances where the presence of state law issues may weigh in favor of the surrender of federal jurisdiction. Although Valle–Arce invokes the Court's supplemental jurisdiction over two state-law claims, the case does not present any complex questions of state law, and plaintiff does invoke federal law. The presence of two state law issues do not outweigh the federal interest in the case. Accordingly, this factor weighs against abstention.

The sixth factor requires the district court to determine whether the state procedures are adequate to protect plaintiff's federal rights. State and territorial courts are normally competent to hear cases that involve federal interests. *Fairway Capital*, 483 F.3d at 43 (citations omitted). Thus, both state and federal courts are competent forums to hear Valle–Arce's federal claim. The fact that the state court is an adequate forum, however, does not militate in favor of abstention. The First Circuit Court of Appeals has stated that the factor of adequate forum is neutral. This factor is important only when it disfavors abstention because "the possibility that the state court proceedings might adequately protect the interests of the parties is not enough to justify the district court's deference to the state action." *Id.* at 43–44 (quoting *Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.*, 800 F.2d 325, 328 (2d Cir. 1986)). Accordingly, this factor does not weigh in favor of abstention.

The seventh factor requires the district court to determine whether or not the federal claim is of a vexatious or contrived nature. PRPA does not specifically allege that the motivation for the second lawsuit is vexatious or contrived. A federal claim may be vexatious or contrived if it is asserted in federal court after plaintiffs failed to make a similar claim in state court. *Malave v. Centro Cardiovascular de Puerto Rico y Del Caribe, et al.*, 485 F.Supp.2d 6, 9–10 (D.P.R.2007); *see also, Villa Marina Yacht Sales*, 915 F.2d at 15. This factor is intended to prevent plaintiffs from engaging in forum shopping. *Malave*, 485 F.Supp.2d at 10; *see also, Villa Marina Yacht Sales*, 915 F.2d at 15.

When a plaintiff rushes to the federal courthouse solely in reaction to its failure in the state court, and in the hopes of obtaining a more favorable determination, that fact should be held against it in the *Colorado River* balance. *Villa Marina Yacht Sales*, 915 F.2d at 15. That did not occur here. Valle–Arce filed the federal lawsuit seven years after filing the state lawsuit. In the state lawsuit, the state court issued a partial judgement dismissing plaintiff's civil rights claims, but preserving plaintiff's causes of action for

political discrimination under Law 100 and disability-based discrimination under Law 44. (Docket No. 15, p. 2) Valle–Arce filed the federal lawsuit requesting a remedy for events that occurred after the state court's partial judgement and resolution. Thus, the Court does not see any basis for an argument that the proceedings were vexatious or contrived. Accordingly, this factor weighs against abstention.

■ The eighth factor requires the district court to determine whether or not there is respect for the principles underlying removal jurisdiction. This factor, resting in part upon the "removal statute," prevents the refiling of a complaint in federal court. *Villa Marina Yacht Sales,* 915 F.2d at 14. This factor is relevant if a plaintiff attempted to evade the policy choice implicit in 28 U.S.C. § 1441 that only a defendant may remove a lawsuit from state court to federal court. *Id.* (quoting *American Int'l Underwriters v. Continental Ins. Co.,* 843 F.2d 1253, 1260 (9th Cir.1988)). It applies where a dual filing in state and federal forums has the same effect as if the plaintiff had actually removed the original suit. *Id.* (quoting *American Int'l Underwriters,* 843 F.2d at 1260).

■ In this case, PRPA does not specifically allege that Valle–Arce did not respect the principles underlying removal jurisdiction, nor did Valle–Arce re-file the same claim from state court in federal court. Additionally, the federal lawsuit is not a duplicate of the state suit. As mentioned before, while the parties, claims, allegations, causes of action, and remedies may be similar, the alleged discriminatory events arise from different time periods and both lawsuits are focused on two different main issues. The state court is focused primarily on political discrimination based on facts dating before June 30, 2006, while the federal court is focused on disability-based discrimination dating from

October 1, 2006 to March 19, 2007. (Docket No. 15, p. 2; Docket No. 21, p. 2) Accordingly, the removal statute does not weigh in favor of abstention.

The *Colorado River* abstention doctrine does not apply here because the two-part, exceptional circumstances test was not satisfied. Although the Court determined that there is a pending suit before the state court that is parallel to the suit in federal court, satisfying the first prong of the test, the Court's consideration of the remaining relevant factors, coupled with the jurisprudence that holds that the balance is heavily weighted in favor of the exercise of jurisdiction, tilt the balance against abstention.

## III. CONCLUSION

The Court concludes, after carefully balancing all the relevant factors, that this action does not present an "exceptional circumstance" warranting dismissal. Accordingly, defendant's motion is hereby **DENIED.**

**IT IS SO ORDERED.**